IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
|     Ranae Miller, | ) | Bk. No. 06-32124 |
|     Debtor. | ) | |
| | ) | |
| RANAE MILLER, | ) | |
| PLAINTIFF, | ) | Adv. No. |
|     vs. | ) | |
| GREEN TREE SERVICING, LLC, & | ) | |
| PIERCE & ASSOCIATES, | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

Plaintiff (Debtor) alleges as follows in support of this Complaint, by and through her undersigned attorney:

1.    On December 8, 2006, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. On that same day, Debtor filed a creditor mailing matrix listing "Green Tree Servicing" at 345 Saint Peter Street in Saint Paul, MN  55102-1211, and 332 Minnesota Street, Suite 610 in Saint Paul, MN 55101, and listing "Pierce & Associates" at One North Dearborn Street, Suite 1300 in Chicago, IL  60602.  On information and belief, the Clerk mailed a copy of the Notice of Commencement to Creditor's at the above-listed addresses.

2.    The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334 and 11 U.S.C. Section 362(k). This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A).

3.    On December 8, 2006, Debtor's counsel prepared and mailed a Suggestion of Bankruptcy, for case number 06-CH-456, listing "Green Tree Servicing" (hereinafter Green Tree) as Plaintiff to the Circuit Court of Madison County, IL at 155 North Main in

Edwardsville, IL  62025 to be filed with the Court, and "Pierce & Associates"

(hereinafter Pierce) at One North Dearborn Street, Suite 1300 in Chicago, IL  60602.

Pierce is Green Tree's counsel in case number 06-CH-456.

4.      On December 8, 2006, the above-mentioned Suggestion of Bankruptcy was also

faxed to Pierce at fax numbers (312) 236-3383, (312) 346-1961, and (312) 551-2157.

5.      On December 11, 2006, Nikia at Pierce confirmed with Debtor's counsel that

Daniel in the foreclosure department at Pierce had received the fax and forwarded it to

Chiquitta at Pierce.

6.      On December 12, 2006, Chiquitta at Pierce confirmed with Debtor's counsel that

the sales department intended to stop the foreclosure sale as a result of the bankruptcy

filing.

7.      On February 15, 2007, Debtor's counsel received a call from Darcy at Green Tree

confirming the receipt of Notice of Commencement.

8.      On April 8, 2007, Debtor received a letter from Green Tree dated April 4, 2007,

in an attempt to collect against the amount currently listed in the Chapter 13 bankruptcy.

9.      On April 11, 2007, Debtor received a call from Green Tree in an attempt to

collect against the amount currently listed in the Chapter 13 bankruptcy.

10.     On April 12, 2007, Debtor's foreclosure sale was advertised to take place on May

17, 2007 at 11:00 AM, under the Legals section of The Telegraph newspaper on page C4,

in an attempt to collect against the amount currently listed in the Chapter 13 bankruptcy.

11.     On April 19, 2007, Debtor's foreclosure sale was advertised to take place on May

17, 2007 at 11:00 AM, under the Legals section of The Telegraph newspaper on page C7,

in an attempt to collect against the amount currently listed in the Chapter 13 bankruptcy.

12.     On May 1, 2007, Debtor's counsel received a call from Christina with Green Tree in an attempt to collect against the amount currently listed in the Chapter 13 bankruptcy. Debtor's counsel verbally verified that the bankruptcy case is active, and verified case information with Green Tree.

13.     On May 8, 2007, Debtor provided her counsel with a copy of the Notice of Sale that she received stating that the sale of her home would be taking place on May 17, 2007 at 11:00 AM in at the Madison County Courthouse in IL, in an attempt to collect against the amount currently listed in the Chapter 13 bankruptcy.

14.     Despite written notice of the Chapter 13 filing from the Clerk, written notice from Debtor's counsel, and a Suggestion of Bankruptcy filed with the Madison County Courthouse in Illinois, Defendants knowingly continued their collection action against Debtors on multiple occasions.

15.     As a direct and proximate result of the collection actions taken Defendants as aforesaid:

        A.      Debtor has expended unnecessary time, frustration, and inconvenience; and

        B.      Debtor was forced to incur additional attorney's fees and costs in an effort to stop the Creditor from taking further collection action.

16.     The conduct of Defendants in this matter constitutes a willful violation of the automatic stay provided for in 11 U.S.C. § 362(a), entitling Debtors to actual damages, costs, and attorney's fees under 11 U.S.C. § 362(h).

17.     The conduct of Defendants in this matter constitutes cause for the imposition of punitive sanctions designed to deter future misconduct under 11 U.S.C. Section 362(h) in an aggregate amount not less than Five Thousand Dollars ($5,000.00).

Wherefore, premises considered, Debtors pray for the entry of an Order finding Defendants in contempt of court for their willful violations of the automatic stay, and awarding such actual damages, costs, attorney's fees, punitive damages, and such other relief as is just.

Ranae Miller, Debtor.

BY: /s/ Steven T. Stanton, Her Attorney
P.O.Box 405, Edwardsville, IL 62025
(618) 931-3090