IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE:  RANAE MILLER | ) | In Proceeding Under |
| DEBTOR, | ) | Chapter 13 |
| | ) | |
| | ) | |
| RANAE MILLER, | ) | |
| PLAINTIFF(S), | ) | |
| | ) | ADVERSARY NO. 07-03057 |
| vs. | ) | |
| | ) | CASE NO. 06-32124 |
| | ) | Judge Kenneth J. Meyers |
| Green Tree Servicing LLC | ) | |
| DEFENDANT, | ) | |

## RESPONSE TO DEBTOR'S COMPLAINT

NOW COMES Green Tree Servicing LLC, by and through their attorneys and in response to Debtor's Complaint, states as follows:

1.  On December 8, 2006, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.  On that same day, Debtor filed a creditor mailing matrix listing "Green Tree Servicing" at 345 Saint peter Street in Saint Paul, MN 55102-1211, and 332 Minnesota Street, Suite 610 in Saint Paul, MN 55101, and listing "Pierce & Associates" at One North Dearborn Street, Suite 1300 in Chicago, IL 60602.  On information and belief, the Clerk mailed a copy of the Notice of Commencement to Creditor's at the above listed addresses.

    **ANSWER:** Green Tree Servicing LLC admits to the allegations contained in paragraph One.

2.  The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334 and 11 U.S.C. Section 362(k).  This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A).

**ANSWER:** Green Tree Servicing LLC admits to the allegations contained in paragraph Two.

3. On December 8, 2006, Debtor's counsel prepared and mailed a Suggestion of Bankruptcy, for case number 06-CH-456, listing "Green Tree Servicing" (hereinafter Green Tree) as Plaintiff to the Circuit Court of Madison County, IL at 155 North Main in Edwardsville, Il 62025 to be filed with the Court, and Pierce & Associates" (hereinafter Pierce) at One North Dearborn Street, Suite 1300 in Chicago, IL 60602.  Pierce is Green Tree's counsel in case number 06-CH-456.

**ANSWER:** Green Tree Servicing LLC is without sufficient information to admit or deny the allegation contained in paragraph Three and therefore denies the allegation and demands strict proof thereof.

4. On December 8, 2006, the above-mentioned Suggestion of Bankruptcy was also faxed to Pierce at fax number (312)(236-3383, (312)346-1961, and (312) 551-2157.

**ANSWER:** Green Tree Servicing LLC is without sufficient information to admit or deny the allegation contained in paragraph Four and therefore denies the allegation and demands strict proof thereof.

5. On December 11, 2006, Nikia at Pierce confirmed with Debtor's counsel that Daniel in the foreclosure department at Pierce had received the fax and forwarded it to Chiquitta at Pierce.

**ANSWER:** Green Tree Servicing LLC is without sufficient information to admit or deny the allegation contained in

paragraph Five and therefore denies the allegation and demands strict proof thereof.

6.   On December 12, 2006, Chiquitta at Pierce confirmed with Debtor's counsel that the sales department intended to stop the foreclosure sale as a result of the bankruptcy filing.

**ANSWER:** Green Tree Servicing LLC is without sufficient information to admit or deny the allegation contained in paragraph Six and therefore denies the allegation and demands strict proof thereof. Green Tree Servicing LLC further states that records indicate that as of December 13, 2006, the scheduled foreclosure sale was cancelled.

7.   On February 15, 2007, Debtor's counsel received a call from Darcy at Green Tree confirming the receipt of Notice of Commencement.

**ANSWER:** Green Tree Servicing LLC is without sufficient information to admit or deny the allegation contained in paragraph Seven and therefore denies the allegation and demands strict proof thereof. Green Tree Servicing LLC further states that the Chapter 13 case was dismissed on March 1, 2007 for failure of the debtor to attend the meeting of creditors. Due to the dismissal, a foreclosure sale date was set.

8.   On April 8, 2007, Debtor received a letter from Green Tree dated April 4, 2007, in an attempt to collect against the amount currently listed in the Chapter 13 bankruptcy.

**ANSWER:** Green Tree Servicing LLC is without sufficient information to admit or deny the allegation contained in

paragraph Eight and therefore denies the allegation and demands strict proof thereof.  Green Tree Servicing LLC further states that as of April 8, 2007, debtor's case was still dismissed.

9.  On April 11, 2007, Debtor received a call from Green Tree in an attempt to collect against the amount currently listed in the Chapter 13 bankruptcy.

**ANSWER:** Green Tree Servicing LLC is without sufficient information to admit or deny the allegation contained in paragraph Nine and therefore denies the allegation and demands strict proof thereof. Green Tree Servicing LLC further states that as of April 11, 2007, debtor's case was still dismissed.

10. On April 12, 2007, Debtor's foreclosure sale was advertised to take place on May 17, 2007 at 11:00 AM, under the Legals section of the Telegraph newspaper on page C4, in an attempt to collect against the amount currently listed in the Chapter 13 bankruptcy.

**ANSWER:** Green Tree Servicing LLC is without sufficient information to admit or deny the allegation contained in paragraph Ten and therefore denies the allegation and demands strict proof thereof. Green Tree Servicing LLC further states that as of April 12, 2007, debtor's case was still dismissed.

11. On April 19, 2007, Debtor's foreclosure sale was advertised to take place on May 17, 2007 at 11:00 a.m., under the Legals section of the Telegraph newspaper on page C7, in an attempt to collect against the amount currently listed in Chapter 13 bankruptcy.

**ANSWER:** Green Tree Servicing LLC is without sufficient information to admit or deny the allegation contained in paragraph Eleven and therefore denies the allegation and demands strict proof thereof. Green Tree Servicing LLC further states that although debtor's case was reinstated on April 13, 2007, the docket does not reflect that notice was served out indicating that the case had been reinstated.

12. On May 1, 2007, Debtor's counsel received a call from Christina with Green Tree in an attempt to collect against the amount currently listed to the Chapter 13 bankruptcy.

**ANSWER:** Green Tree Servicing LLC is without sufficient information to admit or deny the allegation contained in paragraph Twelve and therefore denies the allegation and demands strict proof thereof.  Green Tree Servicing LLC further states that although debtor's case was reinstated on April 13, 2007, the docket does not reflect that notice was served out indicating that the case had been reinstated.

13. On May 8, 2007, Debtor provided her counsel with a copy of the Notice of Sale that she received stating that the sale of her home would be taking place on May 17, 2007 at 11:00 AM in at the Madison County Courthouse in IL, in an attempt to collect against the amount currently listed in the Chapter 13 bankruptcy.

**ANSWER:** Green Tree Servicing LLC is without sufficient information to admit or deny the allegation contained in paragraph Thirteen and therefore denies the allegation and

demands strict proof thereof.  Green Tree Servicing LLC further
states that although debtor's case was reinstated on April 13,
2007, the docket does not reflect that notice was served out
indicating that the case had been reinstated.

14. Despite written notice of the Chapter 13 filing from the Clerk,
    written notice from Debtor's counsel, and a Suggestion of
    Bankruptcy filed with the Madison County Courthouse in
    Illinois, Defendants knowingly continued their collection
    action against Debtors on multiple occasions.

    **ANSWER:** Green Tree Servicing LLC is without sufficient
    information to admit or deny the allegation contained in
    paragraph fourteen and therefore denies the allegation and
    demands strict proof thereof. Green Tree Servicing LLC further
    states that although debtor's case was reinstated on April 13,
    2007, the docket does not reflect that notice was served out
    indicating that the case had been reinstated. Green Tree
    Servicing LLC further states that many of the actions alleged
    by debtor to have been taken by Green Tree Servicing LLC would
    have been actions taken while the case was dismissed.  Although
    the court docket reflects service of the dismissal.  Green Tree
    Servicing LLC was not served with notice of case reinstatement.

15. As a direct and proximate result of the collection actions
    taken Defendants as aforesaid:

    A.   Debtor has expended unnecessary time, frustration, and
         inconvenience; and

    B.   Debtor was forced to incur additional attorney's fees and

costs in an effort to stop the Creditor from taking
further collection action.

**ANSWER:** Green Tree Servicing LLC denies the allegation alleged
in paragraph Fifteen. Green Tree Servicing LLC further states
that state court rights were pursued while the case was
dismissed. Any actions taken after the case was reinstated
were only pursued because notice of reinstatement was not
provided to Green Tree Servicing LLC as reflected on the court
docket.

16. The conduct of Defendants in this matter constitutes a willful
violation of the automatic stay provided for in 11 U.S.C.
§362(a), entitling Debtors to actual damages, costs and
attorney's fees under 11 U.S.C. §362(h).

**ANSWER:** Green Tree Servicing LLC denies the allegation alleged
in paragraph Sixteen. Green Tree Servicing LLC states that
most of debtor's allegations of state court events took place
while the case was dismissed. Green Tree Servicing LLC further
states that any actions taken after the case was reinstated
were only pursued because notice of reinstatement was not
provided to Green Tree Servicing LLC as reflected on the court
docket.  Only the Notice of Dismissal was served out.  Green
Tree Servicing LLC further states that not only were the
actions not willful but not in violation of the stay as the
case had been dismissed.

17. The conduct of Defendants in this matter constitutes cause for
the imposition of punitive sanctions designed to deter future

misconduct under 11 U.S.C. Section 362(h) in an aggregate

amount not less than Five Thousand Dollars ($5,000.00).

18. **ANSWER:** Green Tree Servicing LLC denies the allegation alleged

in paragraph Seventeen. Green Tree Servicing LLC further states

that actions taken during the dismissal period were not in

violation of any stay. Green Tree Servicing LLC further states

that any actions that may have been taken, after reinstatement

were due to lack of notice of the stay being reinstated and are

not willful violations.

WHEREFORE, Green Tree Servicing LLC respectfully prays that the

Complaint be dismissed, and for such other and further relief as

this Honorable Court deems just.


Green Tree Servicing LLC


/s/Cheryl A. Considine
Cheryl A. Considine
ARDC#6242779
Pierce and Associates, P.C.
1 North Dearborn Street
13th Floor
Chicago, IL 60602
 (312)346-9088

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE:  RANAE MILLER | ) | In Proceeding Under |
| DEBTOR, | ) | Chapter 13 |
| | ) | |
| | ) | |
| RANAE MILLER, | ) | |
| PLAINTIFF(S), | ) | |
| | ) | ADVERSARY NO. 07-03057 |
| vs. | ) | |
| | ) | CASE NO. 06-32124 |
| | ) | Judge Kenneth J. Meyers |
| Green Tree Servicing LLC | ) | |
| DEFENDANT, | ) | |

## CERTIFICATE OF SERVICE

        I, the undersigned, Attorney, Certify that I served a copy
of the attached **RESPONSE** to the addresses attached by Electronic
Notice through ECF or depositing the same in the United States Mail at
1 North Dearborn Street, Chicago, IL 60602, at or before 5:00 p.m., on
June 14, 2007, with proper postage prepaid.

/s/Cheryl A. Considine
Cheryl A. Considine
ARDC#6242779
1 North Dearborn St.
13th Floor
Chicago, IL 60602

**THESE DOCUMENTS ARE AN
ATTEMPT TO COLLECT A DEBT
ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE**

## NOTICE OF MOTION ADDRESSES

To Trustee:
Russell C. Simon
33 Bronze Pointe
Suite 110
Swansea, Il 62221
Electronic Notice through ECF and U.S. Mail

U.S. TRUSTEE
401 Main Street
Suite 1100
Peoria, Illinois 61602
Electronic Notice through ECF and U.S. Mail


To Debtor:
RANAE MILLER
2820 Lincoln Avenue
Granite City, IL 62040
U.S. Mail

To Attorney:
Steven T. Stanton
P.O. Box 405
Edwardsville, Illinois 62025
Electronic Notice through ECF and U.S. Mail


Pierce and Associates, P.C.
Attorney for Creditor
1 North Dearborn Street
13th Floor
Chicago, IL 60602

PA: 07-1429